**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OMAR GADSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civ. A. No. 15-551 |
| v. | ) | Crim. A. No. 09-305 |
| | ) | Crim. A. No. 13-65 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge

### I.    INTRODUCTION

Petitioner Omar Gadsen ("petitioner")—a prisoner in federal custody—filed the instant *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). (ECF No. 370.)[1] In his § 2255 motion, petitioner alleges ineffective assistance of counsel during the plea-negotiation and direct-appeal phases of his criminal case. The government filed a response to petitioner's § 2255 motion. (ECF No. 384.) Having been fully briefed, petitioner's § 2255 motion is ripe for disposition. The court will deny petitioner's § 2255 motion without a hearing because the record in this case shows conclusively that: (1) petitioner failed to file his § 2255 motion within the one-year limitation period set forth in 28 U.S.C. § 2255(f); and (2) equitable tolling of the limitation period is not warranted.

---

[1] Unless otherwise indicated, all "ECF" citations correspond to the docket in criminal number 09-305.

## II. BACKGROUND

On October 19, 2011, a federal grand jury in the District of New Jersey returned an indictment charging petitioner with conspiracy to possess with intent to distribute and distribute heroin in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) (the "13-65 case").[2] (Crim. No. 13-65, ECF No. 1-2.)

On October 27, 2011, a federal grand jury in the Western District of Pennsylvania returned a third superseding indictment at criminal number 09-305 (the "09-305 case") charging petitioner with: (1) conspiracy to possess with intent to distribute and distribute a kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846 ("Count I"); and (2) conspiracy to retaliate against a witness or informant in violation of 18 U.S.C. § 1513(f) ("Count III"). (ECF No. 219.)

On November 3, 2011, defendant pleaded not guilty to Counts I and III of the third superseding indictment in the 09-305 case. (ECF No. 229.)

On October 1, 2012, the government filed an information in the 09-305 case pursuant to 21 U.S.C. § 851, informing the court that petitioner was previously convicted of a felony drug offense. (ECF No. 285.)

Petitioner proceeded to trial in the 09-305 case, and *voir dire* began November 5, 2012. (Crim. No. 09-305, Text Minute Entry, 11/5/2012.) On November 6, 2012—before *voir dire* concluded—petitioner withdrew his pleas of not guilty in the 09-305 case, waived his right to trial by jury, and entered a plea of guilty to Count III of the third

---

[2] The 13-65 case was docketed at criminal number 11-720 in the District of New Jersey prior to its transfer to the Western District of Pennsylvania.

superseding indictment. (ECF Nos. 318, 319.) Petitioner pleaded guilty to Count III of the third superseding indictment in the 09-305 case pursuant to a written plea agreement with the government that included a provision limiting petitioner's right to appeal directly from his conviction. At the November 6, 2012 hearing, the court reviewed—and petitioner acknowledged on the record that he understood and knowingly and voluntarily agreed to—the plea agreement's appellate waiver provisions.

On March 7, 2013, petitioner consented to transfer of the 13-65 case from the United States District Court for the District of New Jersey to this court for change of plea and sentencing with respect to the charge in the indictment in the 13-65 case. (Crim. No. 13-65, ECF No. 1.)

On June 17, 2013, the court held a change of plea and sentencing hearing in the 09-305 and 13-65 cases. At the hearing, petitioner waived his right to a trial by jury and pleaded guilty to the charge in the indictment in the 13-65 case. (Crim. No. 13-65, ECF Nos. 18, 19.) Petitioner pleaded guilty to the charge in the indictment in the 13-65 case pursuant to a written plea agreement with the government that included a provision limiting petitioner's right to appeal directly from his conviction. At the June 17, 2013 hearing, the court reviewed—and petitioner acknowledged on the record that he understood and knowingly and voluntarily agreed to—the plea agreement's appellate waiver provisions. After accepting petitioner's guilty plea to the charge in the indictment in the 13-65 case, the court sentenced petitioner to serve concurrent sentences of:

- 210 months of imprisonment and three years of supervised release at Count III of the third superseding indictment in the 09-305 case (ECF No. 350); and

- 151 months of imprisonment and three years of supervised release at the charge in the indictment in the 13-65 case. (Crim. No. 13-65, ECF No. 20.)

On April 23, 2015, petitioner delivered his *pro se* § 2255 motion to the prison's mail staff. (ECF No. 370 at 7.) On April 28, 2015, the clerk of court received and filed petitioner's § 2255 motion. *See* (ECF No. 370.) On September 28, 2015, the government filed a response to petitioner's § 2255 motion. (ECF No. 384.)

III.    STANDARD OF REVIEW

A prisoner in federal custody may move the court to vacate, set aside, or correct a sentence on grounds that it was

> imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962). As a remedy, the court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him [or her] or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"Unless [petitioner's § 2255] motion and the files and records of the case show conclusively that [petitioner] is entitled to no relief, the court shall . . . grant a prompt [evidentiary] hearing thereon, determine the issues[,] and make findings of fact and conclusions of law thereto." *Id.*; *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980) (noting that if there is "no legally cognizable claim or the factual matters raised by [a § 2255] motion may be susceptible of resolution through the [court's] review of the motion and records in the case," the court may decide a § 2255 motion without an

evidentiary hearing).

If an evidentiary hearing is unnecessary, the court generally accepts as true the allegations in petitioner's § 2255 motion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). The court need not accept as true allegations in petitioner's § 2255 motion that are "'clearly frivolous on the basis of the existing record.'" *Id.* (quoting *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). Additionally, the court may dispose of "vague and conclusory allegations" contained in petitioner's § 2255 motion "without further investigation." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). The court construes petitioner's *pro se* § 2255 motion liberally, but petitioner "cannot flout procedural rules" and "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

## IV. DISCUSSION

### A. Timeliness of petitioner's motion pursuant to 28 U.S.C. § 2255(f)

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides a one-year limitation period within which a criminal defendant in federal custody must file a § 2255 motion. 28 U.S.C. § 2255(f); *Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). In relevant part, § 2255(f) provides:

The [one-year] limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action;

(3) the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In his § 2255 motion, petitioner does not argue for, and the court cannot discern circumstances warranting, the application of subsections 2255(f)(2), (f)(3), or (f)(4) to petitioner's request for relief. *See* (ECF No. 370-1 at 8–10.)

The court, therefore, addresses whether plaintiff filed his § 2255 motion within one year of the "date on which [petitioner's] judgment[s] of conviction [became] final," pursuant to § 2255(f)(1). If a criminal defendant "does not pursue a timely direct appeal to the court of appeals," his or her conviction and sentence become "final" within the meaning of § 2255(f)(1), and the one-year limitation period begins to run, "on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a criminal defendant's notice of appeal must be filed in the district court within fourteen days after "entry of . . . the judgment . . . being appealed."

In this case, the court sentenced petitioner in the 09-305 and 13-65 cases on June 17, 2013, and entered final judgments in accordance with petitioner's guilty pleas on June 18, 2013. (ECF No. 350; Crim. No. 13-65, ECF No. 20.) As a result, petitioner had until July 2, 2013—*i.e.*, fourteen days after the court entered final judgments in the 09-305 and

6

13-65 cases—to appeal his convictions and sentence directly to the United States Court of Appeals for the Third Circuit. *See* FED. R. APP. P. 4(b)(1)(A)(i). Petitioner did not file a notice of appeal with this court on or before July 2, 2013. Petitioner's convictions and sentence, therefore, became "final" for purposes of § 2255(f)(1) on July 2, 2013, the "date on which the time for filing [a direct] appeal expired" in this case. *Kapral*, 166 F.3d at 577. Consequently, the one-year limitation period applicable to petitioner's § 2255 motion ran from July 2, 2013 to July 2, 2014. *See* 28 U.S.C. § 2255(f)(1). As stated, petitioner did not deliver his § 2255 motion to the prison's mail staff until April 23, 2015, more than nine months after the one-year limitation period expired on July 2, 2014. (ECF No. 370 at 7); *Kapral*, 166 F.3d at 567 ("[A *pro se*] prisoner's § 2255 motion is deemed filed at the moment it is delivered to the prison officials for mailing."). Petitioner's § 2255 motion is, therefore, time-barred pursuant to 28 U.S.C. § 2255(f)(1).

**B.     Whether equitable tolling applies in this case**

In his § 2255 motion, petitioner tacitly acknowledges he failed to file his motion within the one-year limitation provisions set forth in 28 U.S.C. §§ 2255(f)(1)–(4). *See* (ECF No. 370-1 at 8–10.) Petitioner argues the court must equitably toll the one-year limitation period in this case because "exceptional circumstance[s]" prevented him from timely filing his § 2255 motion. (*Id.*) For the reasons below, petitioner failed to satisfy the court that equitable tolling of the one-year limitation period is warranted in this case.

**1.     Equitable tolling standard**

"[T]he AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v.*

*Florida*, 560 U.S. 631, 645 (2010)); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). In considering whether equitable tolling applies, the court "should favor flexibility over adherence to mechanical rules," and each decision should be made on a case-by-case basis. *Ross*, 712 F.3d at 799 (citing *Holland*, 560 U.S. at 649–50). "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair"—but the court "should be sparing in its use of the doctrine" of equitable tolling. *Id.* at 799.

"'Generally, a litigant seeking equitable tolling [of the AEDPA's one-year limitation period] bears the burden of establishing two [requirements]: (1) that he [or she] has been pursuing his [or her] rights diligently[;] and (2) that some extraordinary circumstance stood in his [or her] way.'" *Id.* at 798 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

With respect to the first equitable tolling requirement, the "diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Id.* at 799 & n.26 (citing decisions). "[W]hether [petitioner] . . . exercised reasonable diligence is [determined] under a subjective test . . . considered in light of the particular circumstances of the case." *Id.* at 799 (citing *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)); *accord Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his [or her] petition, courts consider the petitioner's overall level of care and caution *in light of his or her particular circumstances*." (emphasis added)). That petitioner filed his § 2255 motion *pro se* "does not insulate him from the 'reasonable diligence' inquiry[,] and [petitioner's] lack of legal

8

knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799–800 (citing *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect *pro se* petitioners to know when the [one-year limitation] period expires[,] . . . such inadvertence on [the defendant's] part cannot constitute reasonable diligence.")).

With respect to the second equitable tolling requirement, the court measures whether petitioner faced "extraordinary circumstances" that prevented him from timely filing his § 2255 motion "subjectively." *Id.* at 802. "'[T]he proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . but rather how severe an obstacle it is for the prisoner* endeavoring to comply with [the] AEDPA's [one-year limitation] period.'" *Id.* at 802–03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011) (emphasis in original)). Finally, "there must be a causal connection, or nexus, between the extraordinary circumstances [petitioner] faced and [his] failure to file a timely [§ 2255 motion]." *Id.* at 803 (citing *Holland*, 560 U.S. at 649 (noting a *habeas* petitioner must prove an "extraordinary circumstance stood in his way *and* prevented timely filing" (emphasis added))).

### 2. <u>Why equitable tolling does not apply to petitioner's case</u>

In support of equitable tolling, petitioner argues his inability to access the prison's legal research resources and law library prevented him from timely filing his § 2255 motion within the one-year limitation period prescribed by § 2255(f)(1) (*i.e.*, from July 2, 2013 to July 2, 2014). Specifically, petitioner argues he is

> a [*pro se*] litigant being held [in a Kentucky federal correctional institute] . . . separated into three . . . housing units. . . . [L]egal material[s] [are] accessible in the housing unit via one computer per 126 inmates, and

rotated time periods for access to the law library is [*sic*] one housing unit at a time, rotated through short periods daily. These short periods consist of approximately one hour during the day, and at night is [*sic*] rotated per unit for different nights for approximately one hour. Through institutional security measures, when a disturbance occurs anywhere in the institution, the entire institution is then placed on lockdown[,] and all institutional availabilities end. This may occur multiple times throughout the day depending on the status of the disturbance. However, this institution has also suffered lockdowns periodically that has [*sic*] been critical, based on the accumulation of being on lockdown status, that has [*sic*] prevented inmates from meeting judicial deadlines. Petitioner has been obstructed by the lockdowns of this institution for approximately thirteen . . . weeks during the year of 2014 while attempting to research, prepare, and submit the instant [§ 2255 motion]. . . . Based on exceptional circumstance[s], equitable tolling [of the one-year limitation period] is required. . . .

(ECF No. 370-1 at 9–10.) Petitioner included as an exhibit to his § 2255 motion a Bureau of Prisons "Inmate Request to Staff" form dated April 16, 2015 (the "BOP request form"). (ECF No. 370-2.) In the BOP request form, petitioner provided the following information to the prison's "Unit Manager (Mr. Ward)":

I was sentenced [June 17, 2013]. I received my transcripts and discovery on [February 28, 2014]. Since then[,] I have been unable to devote or exercise due diligence to due process to research my case to do a [§ 2255 motion] due to the fact that I was not able to get to the educational department to do case law research . . . being that the institution was on a lockdown. The [e]xtreme circumstances surrounding this lockdown prohibited me from access to legal materials to assist me in making my claims of relief. Specifically[,] 97-days was [*sic*] intervened for institutional lock-downs [*sic*] and law library closures [b]etween [February 28, 2014] and [December 14, 2014]. Between these circumstances and the [four months] it took me to retain this memo that I have been pursuing to exercise my rights to [*habeas*] [r]elief in a timely fashion as warranted by the [c]ourts [*sic*]. Without these factors and extreme circumstances[,] this memo would show the fact that I am entitled to file a timely [§ 2255 motion] as I was seeking during these [timeframes] in the above-referenced memo.

(*Id.* at 1.) In response to petitioner's statements in the BOP request form, the prison's

"Unit Manager (Mr. Ward)" provided his signature and indicated that "[t]he institutional

law library was closed on several occasions between the dates of [February 28, 2014] and [December 14, 2014]." (*Id.*)

Even when accepted as true, petitioner's vague, conclusory contentions fail to satisfy the court that: (1) petitioner diligently pursued his rights; and (2) an extraordinary circumstance prevented petitioner from filing a § 2255 motion within the one-year period between July 2, 2013 and July 2, 2014, as required pursuant to § 2255(f)(1). The court, therefore, declines to invoke the doctrine of equitable tolling in this case, and petitioner's § 2255 motion will be denied as time-barred pursuant to § 2255(f)(1).

First, petitioner fails to show he diligently pursued his right to file a § 2255 motion during the one-year period from July 2, 2013 to July 2, 2014, as required to warrant equitable tolling. *Ross*, 712 F.3d at 798. Petitioner argues he was "obstructed by . . . lockdowns" of the federal prison in which he is incarcerated for "approximately thirteen . . . weeks" or "97-days" "during the year of 2014" while "attempting to research, prepare, and submit the instant [§ 2255 motion]." (ECF No. 370-1 at 10; ECF No. 370-2 at 1 ("[Ninety-seven days] was [*sic*] intervened for institutional lock-downs [*sic*] and law library closures [b]etween [February 28, 2014] and [December 14, 2014].").) Petitioner, however, fails to show he took *any action at all*—let alone "reasonably diligent" action—in pursuit of timely filing his § 2255 motion during the approximately eight-month period between July 2, 2013 (*i.e.*, the date on which his convictions became "final" under § 2255(f)(1) and the one-year limitation period began) and February 28, 2014 (*i.e.*, the first date on which petitioner asserts he was unable to access the prison's law library and legal research resources). *Ross*, 712 F.3d at 799 ("[The] diligence

11

required . . . is *reasonable* diligence, not maximum, extreme, or exceptional diligence."
(emphasis added)). Petitioner states he "received [his] transcripts and discovery on
[February 28, 2014]" after his sentencing on June 17, 2013. (ECF No. 370-2 at 1.)
Petitioner, however, fails to make *any* showing that he sought—let alone "diligently"
sought—these materials between July 2, 2013 and February 28, 2014, or that he could not
file his § 2255 motion without these materials. Petitioner's "vague and conclusory
allegation," *Thomas*, 221 F.3d at 437, that he "was unable to devote or exercise due
diligence to due process to research [his] case to do a [§ 2255 motion]" is insufficient as a
matter of law. (ECF No. 370-2 at 1.) Petitioner's unexplained, approximately eight-
month delay in pursuing his right to file a § 2255 motion negates any claim of reasonable
diligence in this case.

Second, petitioner fails to show an extraordinary circumstance prevented him from
timely filing a § 2255 motion between July 2, 2013 and July 2, 2014, as required to
warrant equitable tolling. Petitioner argues his access to the prison's law library and legal
research resources is, in general, limited during his incarceration. *See, e.g.*, (ECF No.
370-1 at 9 ("[L]egal material[s] [are] accessible in the housing unit via one computer per
126 inmates. . . .").) Petitioner's limited access to the prison's legal research materials,
however, does not by itself warrant equitable tolling of § 2255(f)(1)'s one-year limitation
period. *See, e.g.*, *Patrick v. Phelps*, 764 F. Supp. 2d 669, 673 (D. Del. 2011) ("[L]imited
access to the [prison's] law library and legal materials is a routine aspect of prison life

[that does not warrant equitable tolling]. . . .").[3] Petitioner argues he was "obstructed" by "approximately thirteen weeks" or "97-days" of prison lockdowns starting February 28, 2014. (ECF No. 370-1 at 10; ECF No. 370-2 at 1.) Standing alone, however, a prison lockdown rarely constitutes an extraordinary circumstance warranting equitable tolling. *See, e.g.*, *Garrick v. Vaughn*, No. 00-4845, 2003 WL 22331774, at \*4 (E.D. Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns . . . must be taken into consideration by a prisoner in deciding when to file a federal [*habeas*] petition, because these 'do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.'" (quoting *Atkins v. Harris*, No. 98-3188, 1999 WL 13719, at \*2 (N.D. Cal. Jan. 7, 1999))). Even assuming, *arguendo*, the prison lockdown through which petitioner suffered constitutes an extraordinary circumstance, petitioner fails to satisfy the court that the thirteen-week lockdown wholly "prevented" petitioner from timely filing his motion at some other point within the remaining thirty-nine weeks of the one-year limitation period. *See Holland*, 560 U.S. at 649 (noting a *habeas* petitioner must prove an "extraordinary circumstance stood in his way *and* prevented timely filing" (emphasis added)). Petitioner's "vague and conclusory allegation," *Thomas*, 221 F.3d at 437, that

---

[3] *See Randle v. United States*, 954 F. Supp. 2d 339, 347 (E.D. Pa. 2013) ("Limited access to prison law libraries alone does not rise to the level of extraordinary circumstances."); *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009) (holding that inexperience in the law and limited time in the prison law library do not warrant equitable tolling); *Young v. Piazza*, No. 06-1993, 2006 WL 3762004, at \*4 (E.D. Pa. Dec. 19, 2006) (declining to apply equitable tolling where the petitioner conceded he had at least limited access to the library during the one-year limitation period); *Perry v. Vaughn*, No. 02-839, 2003 WL 22391236, at \*4 (E.D. Pa. Oct. 17, 2003) (finding that a lockdown and limited library access alone did not warrant equitable tolling).

the thirteen-week lockdown constitutes an "extraordinary circumstance" is insufficient to warrant equitable tolling in this case. (ECF No. 370-1 at 10.)

Because petitioner fails to satisfy the court that he diligently pursued his rights but faced an extraordinary circumstance that prevented him from timely filing his § 2255 motion, the court declines to invoke the doctrine of equitable tolling in this case. *See Ross*, 712 F.3d at 798. Consequently, petitioner's § 2255 motion is time-barred pursuant to § 2255(f)(1). The court will deny petitioner's § 2255 motion without addressing the merits of petitioner's ineffective assistance of counsel claim.

## V.    CONCLUSION

For the reasons set forth in this memorandum opinion, the court will deny petitioner's § 2255 motion as time-barred pursuant to § 2255(f)(1). An appropriate order accompanies this memorandum opinion. The court will order the clerk to close this case.

## VI.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2255 motion, the court must determine whether a certificate of appealability ("COA") should issue, or whether the clerk of the court of appeals must remand the case to the district court for a prompt determination with respect to whether a COA should issue. *See* 3d Cir. L.A.R. 22.2.

When a district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court in *Slack* held, however, that

> [w]here a *plain procedural bar* is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* (emphasis added).

Based upon the motion, files, and records of petitioner's case, and for the reasons set forth in this memorandum opinion, the court concludes that a "plain procedural bar" applies to petitioner's § 2255 motion, pursuant to 28 U.S.C. § 2255(f)(1). *Id.* Consequently, the court will not issue a COA in this case.

**DATED**:            December 18, 2015

                                               **/s/ JOY FLOWERS CONTI**
                                               Joy Flowers Conti
                                               Chief United States District Judge

**CC**:

Omar Gadsen
30588-068
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224